UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN LEONOUR BLAKE,
    Plaintiff,

v.                                        Case No.: 3:23cv12764/MCR/ZCB

CHARLES RICHTER, et al.,
    Defendants.
_____/

# REPORT AND RECOMMENDATION

This prisoner civil rights case is before the Court on Plaintiff's "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order," which the Court construes as a motion for a preliminary injunction. (Doc. 24).[1,2] For the reasons below, Plaintiff's motion should be denied.

---

[1] As Plaintiff has been told in another case before this Court (No. 3:23cv11445, Doc. 5 at 5), his handwriting is—at times—very difficult to decipher. The Local Rules require handwritten filings to be "legible." N.D. Fla. Loc. R. 5.1(c). The Court has done its best to read Plaintiff's 23-page filing, but ultimately it cannot consider allegations that it cannot read.

[2] The Court analyzes a request for a temporary restraining order under the same standard used for motions for preliminary injunctions. *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010).

## I. Background

Plaintiff is a Florida Department of Corrections' prisoner who is incarcerated at Santa Rosa Correctional Institution (SRCI). (*See* Doc. 24). Plaintiff has sued several corrections officers at SRCI, alleging they used excessive force against him. (Doc. 13). His complaint seeks compensatory and punitive damages. (*Id.* at 7, 16).

Plaintiff has now filed a motion for a preliminary injunction. (Doc. 24). In the motion, Plaintiff claims that several officials at SRCI are retaliating against him by tampering with his personal property, depriving him of food, using force against him, interfering with his use of the grievance process, and filing false disciplinary reports, among other things. (*See* Doc. 24). Plaintiff asks the Court to enter an order preventing officers at SRCI from taking these retaliatory actions, requiring they replace his missing personal property, and demanding a transfer on Plaintiff's behalf. (*Id.*).

## II. Discussion

Plaintiff's motion should be denied for several reasons. First, Plaintiff's motion should be denied because it is based on events that are not closely related to the matters set forth in his complaint. The purpose

of preliminary injunctive relief is to preserve the status quo between the parties and prevent irreparable injury until the merits of the underlying lawsuit can be resolved. *See All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) ("Preliminary injunctions are issued when drastic relief is necessary to preserve the status quo."). This means that the relief sought in the motion for a preliminary injunction must be closely related to the conduct complained of in the actual complaint. *Richardson v. Beck*, No. 3:18cv2004, 2020 WL 3847839, at *1 (N.D. Fla. June 8, 2020), *adopted by* 2020 WL 3839807 (N.D. Fla. July 7, 2020).

The event at issue in Plaintiff's complaint is an alleged use of excessive force in December 2020. Plaintiff's complaint does not allege a retaliation claim. Indeed, the events Plaintiff complains of in his motion for a preliminary injunction did not occur until the summer of 2024, long after the alleged use of force in December 2020. Because Plaintiff's motion for a preliminary injunction is not based on matters set forth in his complaint, his motion should be denied. *See, e.g.*, *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) (holding that "any motion for either a preliminary or permanent injunction must be

3

based upon a cause of action"); *Torres Puello v. Guerrero Mendez*, No. 5:20cv198, 2020 WL 4004481, at *2 (M.D. Fla. June 15, 2020), *adopted by*, 2020 WL 4001896 (M.D. Fla. July 15, 2020) (denying motion for injunctive relief because the plaintiff's request for an injunction was not related to the underlying claims in his complaint).

Even if Plaintiff believes the SRCI staff members' alleged actions described in his motion were taken in retaliation for filing this lawsuit, that does not make the claims closely related. *Davis v. Daniels*, No. 3:20cv5935, 2022 WL 1205329, at *2 (N.D. Fla. Feb. 8, 2022), *adopted by*, 2022 WL 1204100 (N.D. Fla. Apr. 22, 2022); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) (finding motion for a preliminary injunction not closely related where "the only connections between the underlying lawsuit and the motion for a preliminary injunction are that both involve the plaintiffs and the defendants, and that the plaintiffs believe the defendants are retaliating against them because of the underlying lawsuit"). Because Plaintiff's motion for a preliminary injunction is not based on matters set forth in the complaint, his motion should be denied. *See Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) (holding that "any motion for either a

4

preliminary or permanent injunction must be based upon a cause of action"); *see also Torres Puello v. Guerrero Mendez*, No. 5:20cv198, 2020 WL 4004481, at *2 (M.D. Fla. June 15, 2020), *adopted by*, 2020 WL 4001896 (M.D. Fla. July 15, 2020) (denying motion for injunctive relief because the plaintiff's request for an injunction was not related to the underlying claims in his complaint).

Second, Plaintiff does not seek injunctive relief in his complaint. He seeks only monetary relief. Thus, this Court lacks authority to enter a preliminary injunction because Plaintiff only asks for damages in the underlying litigation. *See Noventa Ocho LLC v. PBD Properties LLC*, 284 F. App'x 726, 727-28 (11th Cir. 2008); *see also Schwartz v. United States Dep't of Justice*, No. 06-5581, 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007) ("A preliminary injunction grants intermediate relief of the same character as that which may be granted finally. When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction.") (cleaned up).

Third, to the extent Plaintiff seeks a preliminary injunction against non-parties, the Court lacks jurisdiction to grant such relief. Courts "have long observed the general rule that a court may not enter an

5

injunction against a person who has not been made a party to the case before it." *E.A. Renfroe & Co., Inc. v. Moran*, 338 F. App'x 836, 838-39 (11th Cir. 2009) (internal quotation marks omitted). In his motion, Plaintiff complains of actions taken by FDOC officials who are not Defendants named in this lawsuit. The Court cannot restrain or enjoin FDOC employees who are not parties to this action. *See Jackson v. Baisden*, No. 21-13004, 2022 WL 610314, at *1 (11th Cir. 2022) (holding the district court lacked subject matter jurisdiction to grant an injunction against a non-party); *see also In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (affirming that the district court lacked subject matter jurisdiction to issue a preliminary injunction against a non-party).

### III.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order (Doc. 24)," which the Court construes as a motion for a preliminary injunction, be **DENIED**.

At Pensacola, Florida this 22nd day of July 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.